PARRO, J.,
dissenting.
hi respectfully disagree with the affir-mance of the trial court’s award of $3.8 million in survival damages in this case, which I believe was an abuse of discretion, given the factual circumstances of Mr. White’s illness.
As noted in the majority opinion, the survival action permits recovery only for the damages suffered by the victim from the time of injury to the moment of death. From 2005 through 2011, Mr. White suffered some shortness of breath, fatigue, and coughing, but was able to lead a physically active life. It was only in early 2011, in the months immediately preceding his diagnosis, that his symptoms worsened. Mr. White was diagnosed with mesothelio-ma on July 1, 2011, at the age of seventy-nine. He was provided with hospice care in his home and died on August 8, 2011.
A comparison of awards in other meso-thelioma and asbestos-related cases provides guidance for an appropriate award. In Rando v. ANCO Insulations, Inc., 08-1163 (La.5/22/09), 16 So.3d 1065, the Louisiana Supreme Court affirmed an award of $2.8 million for a 59-year-old man who contracted mesothelioma. By the time of trial, some six years after his diagnosis, Mr. Rando had undergone five surgeries, multiple medical procedures, and numerous trips to doctors and emergency rooms. He had suffered significant pain not only from the illness, but also from the chemotherapy and medications, including the side effects of both. As the trial court observed, Mr. Rando |2had also suffered from nausea, nerve pain, stabbing back and chest pain, muscle pain, headaches, and vision loss, all of which would only worsen in time.
The Fourth Circuit affirmed on rehearing an award of $500,000 in survival damages for a seventy-six-year-old man who died from lung cancer caused by occupational exposure to asbestos, and $500,000 in survival damages for a sixty-one-year-old man who died from mesothelioma. Palermo v. Port of New Orleans, 04-1804 (La.App. 4th Cir.2/15/06), 933 So.2d 168, damages aff'd on rehearing, 04-1804 (La.App. 4th Cir.1/19/07), 951 So.2d 425, writ denied, 07-0363 (La.6/13/07), 957 So.2d 1289. In Abadie v. Metropolitan Life Ins. Co., 00-344 (La.App. 5th Cir.5/9/01), 791 So.2d 126, writ denied, 01-1735 (La.12/14/01), 804 So.2d 644, the Fifth Circuit affirmed an award of $2.3 million for a seventy-four-year-old man who suffered from mesothelioma. In that case, the plaintiff had spent nine days in the hospital, where tubes were inserted in his chest to drain fluid. He could not come to court for the trial because of his difficulty with breathing. At the time of trial, he was unable to care for himself, needed assistance with all activities of daily living, and was in constant severe pain.
While there are two First Circuit cases awarding survival damages for $5 million (Terrance v. Dow Chemical Co., 06-2234 (La.App. 1st Cir.9/14/07), 971 So.2d 1058, writ denied, 07-2042 (La.12/14/07), 970 So.2d 534) and $3 million (Roberts v. Owens-Corning Fiberglas Corp., 03-0248 (La.App. 1st Cir.4/2/04), 878 So.2d 631, writ denied, 04-1834 (La.12/17/04), 888 So.2d 863), the plaintiffs in those cases suffered for longer periods of time and there was substantial evidence that the plaintiffs suffered severe, debilitating physical pain as well as mental suffering.
*774 Based on the above comparisons, I believe the highest reasonable amount that the trial court could have awarded is $2.8 million. Therefore, I respectfully dissent.